The Law Office of Olaf W. Hedberg
Olaf W. Hedberg, State Bar #151082
901 H St., Suite 673
Sacramento, California 95814
(916) 447-1192 office
1-412-774-3537 fax
ohedberg@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| THE UNITED STAES OF AMERICA<br><br>V.<br><br><br>JEREMY APPLEYARD | Case Number:  14-cr-00155 GEB<br><br>**STIPULATION AND [PROPOSED] ORDER FOR CONTINUANCE OF STATUS CONFERENCE**<br>**DATE: 4/22/16**<br>**TIME: 9 AM**<br>**DEPT: MCE** |

   Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.   By previous order, this matter was set for status on April 22, 2016.

2.   By this stipulation, defendant now moves to continue the status conference until May 20, 2016, and to exclude time between April 22, 2016, and May 20, 2016, under Local Code T4.

3.   The parties agree and stipulate, and request that the Court find the following:

     a)     The government has represented that the discovery associated with this case includes thirty-eight pages of discovery, including a twelve-page rap sheet and arrest reports from multiple law enforcement agencies. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

     b)     The Government has recently provided counsel with a proposed plea agreement. Counsel for defendant desires additional time to consult with his client regarding this plea agreement, review the produced discovery, investigate the charges in this case, research and review issues related to the defendant's criminal history. Defense counsel notes that client's criminal history is extremely complex, and has required extensive research in order to advise Mr. Appleyard properly as to the consequences of his plea.

     c)     Counsel for defendant believes that failure to grant the above requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     d)     The government does not object to the continuance.

     e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 22, 2016 to May 20, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted

by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 21, 2016                                BENJAMIN B. WAGNER
                                                     United States Attorney

                                                     /s/ JUSTIN L. LEE
                                                     JUSTIN L. LEE
                                                     Assistant U.S. Atty


Dated: April 21, 2016                                /s/ OLAF W. HEDBERG
                                                     OLAF W. HEDBERG
                                                     Counsel for Defendant
                                                     JEREMY APPLEYARD


[PROPOSED] FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.
Dated:  April 21, 2016


_____
GARLAND E. BURRELL, JR.
Senior United States District Judge